IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK GNUTEK, <br><br> Plaintiff, <br> v. <br><br> ELUTIA, INC., MEDTRONIC SOFAMOR DANEK USA, INC., SPINALGRAFT TECHNOLOGIES, LLC, DCI DONOR SERVICES, INC., and MICHAEL J. BAUER, M.D., <br><br> Defendants. | Case No. 24 C 9030 <br><br> Honorable Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gnutek originally filed this action in the Circuit Court of Cook County on March 8, 2022, against Dr. Broderick as a result of the use of a bone matrix material that was contaminated with tuberculosis during Plaintiff Gnutek's spinal surgery. Plaintiff later added Defendants Elutia, Inc., Medtronic Sofamor Danek USA, Inc., SpinalGraft Technologies, LLC, DCI Donor Services, Inc., and Dr. Bauer.

Of importance to the motion before this Court are certain events that occurred in the Circuit Court of Cook County. Defendant Dr. Broderick filed a motion for summary judgment on April 19, 2024, which Plaintiff Gnutek opposed, and the state court denied on July 23, 2024. During oral argument on the motion for summary judgment, Defendant Dr. Broderick sought leave to file a second motion for summary judgment, which the state court denied. Then, on July 29, 2024, Defendant Dr. Broderick filed a motion to reconsider the denial of summary judgment. Again, Plaintiff Gnutek opposed, and the state court denied the motion. On August 29, 2024, Plaintiff Gnutek voluntarily dismissed Defendant Dr. Broderick. As Defendant Dr. Broderick was the only non-diverse defendant, Defendants Medtronic and SpinalGraft filed a notice of removal on September 26, 2024.

Plaintiff Gnutek moves this Court to remand this suit back to Cook County and to award fees. The motion is opposed by Defendants Medtronic Danek, Inc., SpinalGraft Technologies, LLC, DCI Donor Services, Inc., and Dr. Bauer (collectively, the Opposing Defendants). For the reasons stated below, the Court grants the motion to remand based on the one-year removal bar and because the bad faith exception does not apply. The Court also denies Plaintiff Gnutek's request for fees and costs as the removal was not objectively unreasonable.

**Discussion**

An action filed in state court may be removed to federal court in any case in which the plaintiff could have filed the case in federal court in the first place. 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating federal jurisdiction, "and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). As removal here is based on diversity jurisdiction, defendants must demonstrate complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The parties do not dispute that the complete diversity and the amount-in-controversy requirements have been met.[1]

In addition to satisfying the jurisdictional requirements outlined above, a defendant seeking removal must also satisfy the procedural requirements set forth in 28 U.S.C. § 1446(b), including the statutory-timing requirements. Specifically, a notice of removal must be filed within 30 days of service of the initial pleading. 28 U.S.C. § 1446(b)(1). If, as was the case here, the initial pleading does not state a removable case, then a notice of removal must be filed within 30 days of service of an order (or other paper) from which it can first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3). The exception to that, though, is that a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Defendants Medtronic Sofamor Danek USA, Inc. and SpinalGraft Technologies, LLC filed the notice of removal (with consent of all other Defendants) on September 26, 2024. The parties do not dispute that the notice was filed within 30 days of the dismissal of the last non-diverse defendant on August 29, 2024. The wrinkle is that the state action commenced on March 8, 2022. August 29, 2024 is certainly more than one year after the commencement of the action. Thus, the sole issue before this Court is whether the "bad faith" exception to the one-year removal bar should apply.

The Opposing Defendants argue that the bad faith exception applies, and the case should remain in federal court because Plaintiff Gnutek kept Defendant Dr. Broderick in the state court lawsuit to defeat diversity jurisdiction. They argue that this Court should apply either: (1) the intentional-conduct standard used by courts in the Sixth Circuit; (2) the two-step analysis applied by courts in the Tenth Circuit; or (3) the multi-factor standard used by courts in the Fifth, Eighth, and Ninth Circuits.

---

[1] While the parties do not dispute diversity of citizenship, the Court observes that the notice of removal provided the incorrect information to determine the citizenship of Defendant SpinalGraft. Indeed, this is somewhat remarkable given how hard Defendant is fighting to stay in federal court. For unincorporated associations, LLCs, partnerships, underwriting syndicates, and other business entities that are not corporations, the citizenship is the domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). Not the principal place of business and state of organization – as was provided here. But the Court need not delve into this issue, as remand is being granted.

The Seventh Circuit has not squarely addressed what constitutes bad faith under the removal statute. *See e.g.*, *Henning v. Barranco*, 2021 WL 5578767, at *3 (N.D. Ill. Nov. 30, 2021). However, other district courts in the Seventh Circuit have addressed removing defendants' bad faith arguments. *See id.*; *McVey v. Anaplan, Inc.*, 2020 WL 5253853 (N.D. Ill. Sept. 3, 2020); *Herron v. Graco*, 2016 WL 7239915 (S.D. Ill. Dec. 15, 2016). The Court finds the reasoning of *Henning* and *McVey* persuasive.

In *Henning*, the case was removed from the Circuit Court of Cook County to a court in this district over a year after the state court action commenced. 2021 WL 5578767, at **1-2. Defendant argued that the plaintiff kept a non-diverse party in the suit, but did not have any intention to litigate against them, exhibiting bad faith under the removal statute. *Id.* at *3. There, the district judge found evidence of attempts to serve the non-diverse defendant, although unsuccessful, showed no bad faith. *See id.*; *see also*, *Herron*, 2016 WL 7239915 (plaintiff had not engaged in bad faith despite evidence that plaintiff waited to serve the non-diverse defendant, did not conduct case-related activities in the first year after filing the complaint, and ultimately dismissed the non-diverse defendant). Similarly, in *McVey*, a court in this district declined to uphold a defendant's untimely removal and find bad faith. 2020 WL 5253853, at *3. There, defendant argued that plaintiff fraudulently joined a non-diverse defendant to defeat diversity jurisdiction, despite knowing that the harassment claims against that defendant were not meritorious. *Id.* at *2. The district court found there was genuine intent to litigate the claims against the non-diverse party. *Id.* at **4-5. Thus, there was not a finding of bad faith. *Id.*

Likewise, the facts in this case do not exhibit bad faith. The record shows that Plaintiff Gnutek actively litigated the case against Defendant Dr. Broderick. Defendant Dr. Broderick was the initial defendant named in the action. Plaintiff Gnutek sought discovery, including taking depositions of Dr. Broderick and his physician assistant. Defendant Dr. Broderick then filed a motion for summary judgment, which Plaintiff Gnutek opposed, and the state court denied. On July 29, 2024, Defendant Dr. Broderick filed a motion to reconsider the denial of summary judgment. Again, Plaintiff Gnutek opposed, and the state court denied the motion. Thus, up until July 29, 2024, Plaintiff Gnutek was expending time, energy, and expense litigating against Dr. Broderick.

Additionally, while none of the cases cited by the Opposing Defendants setting forth different standards are binding precedent, the conduct in this case fails under the proposed tests in all of them. First, the intentional conduct standard has not been met. "[B]ad faith is present where a plaintiff employs tactics designed specifically to defeat diversity jurisdiction, for the sole purpose of defeating removal." *Keller Logistics Grp., Inc. v. Navistar, Inc.*, 391 F. Supp. 3d 774, 778 (N.D. Ohio 2019) (cleaned up). Unlike here, the district court in *Keller* found direct evidence of bad faith, including statements from the plaintiff that the non-diverse defendant was only named to defeat diversity jurisdiction. And, contrary to this case, there had been no active litigation against the non-diverse defendant or settlement discussions in *Keller*. *Id.* at 778-80.

Second, the two-step analysis under *Aguayo* fails. *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. Oct. 31, 2014). District courts following *Aguayo* first assess whether the plaintiff actively litigated the case against the non-diverse defendant. *Id.* at 1228-29. If there was active

litigation, there is a presumption of good faith, which defendants may overcome by showing evidence that plaintiff only kept the removal spoiler in to prevent removal. *Id.* The Opposing Defendants admit that there has been active litigation, thus there is a presumption of good faith. Here, that has not been overcome, as there has not been direct evidence of a deal with Defendant Dr. Broderick's counsel to keep him in to avoid removal.

The Opposing Defendants point to an email between counsel for Dr. Broderick and counsel for Gnutek as a sign there was a secret deal to keep Dr. Broderick in the case to break diversity. The email, sent on July 16, 2024, discusses a proposal from counsel, two-weeks prior, for Plaintiff to dismiss Dr. Broderick from the case. As the Opposing Defendants point out, this was during the briefing on the motion for summary judgment. Despite Opposing Defendants' contentions, this email is not nefarious, nor does it show that Plaintiff kept in Dr. Broderick to defeat diversity jurisdiction. It is not uncommon for a party to litigate a motion and seek resolution of the suit simultaneously. Further, decisions to voluntarily dismiss a party without direct consideration are made for numerous reasons, for example, simplifying a case before jury trial or to prevent additional cost expenditure. Even if counsel were to have dismissed Dr. Broderick when originally proposed in early July 2024, the one-year deadline for removal had long passed.

The multi-factor test also does not show bad faith. Courts applying this test look at factors including: (1) the timing of naming the non-diverse defendant; (2) when the non-diverse defendant was dismissed; (3) the explanation for dismissal; (4) whether there was active litigation against the non-diverse defendant; (5) evidence against the non-diverse defendant; (6) the consideration given in exchange for dismissal; and (7) the manner of litigation against the non-diverse defendant. *See e.g.*, *Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 292-93 (5th Cir. 2019); *GeoSierra Env't., Inc. v. Nautilus Ins. Co., Inc.*, 2023 WL 2632515, at *2 (W.D. Wash. Mar. 24, 2023); *Torres v. Honeywell, Inc.*, 2021 WL 259439, at *3 (C.D. Cal. Jan. 25, 2021). Here, Dr. Broderick was the original defendant. He was dismissed two years into the lawsuit, during which time Plaintiff Gnutek actively litigated against Defendant Dr. Broderick, including deposing him and his employee, and opposing motions. Additionally, the decision to discuss potential resolution came almost a year *after* the removal deadline had passed. This record does not exhibit bad faith.

Finally, the Court addresses the issue of fees and costs. Under 28 U.S.C. § 1447, "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While the decision to grant or deny an award of costs is committed to a district court's discretion, the Seventh Circuit has significantly restricted a district judge's discretion by holding that courts "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008). In the Seventh Circuit, removal is objectively unreasonable to warrant an award under Section 1447(c) only if the removal violates Seventh Circuit law as established by the decisions of the United States Court of Appeals for the Seventh Circuit and the Supreme Court of the United States. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 794 (7th Cir. 2007). In this case, removal was not objectively unreasonable based on the fact that there is no settled Seventh Circuit case law regarding what constitutes bad faith. *See e.g.*, *Henning*, 2021 WL 5578767, at *3. The Court also declines to award fees, because while the removal lacks merit, the Court cannot say with any certainty that Defendants actions

here were objectively unreasonable.² The Court remands the case promptly without any award of fees or costs.

## Conclusion

For the reasons stated above, this Court grants Plaintiff's motion to remand [11]. The Clerk is directed to remand this case to the Circuit Court of Cook County forthwith.

**SO ORDERED.**

Dated: December 13, 2024

_____
Sunil R. Harjani
United States District Judge

---

² Frankly (and regrettably), if the standard was lower in the Seventh Circuit, the Court would consider granting fees given the unnecessary disruption caused by Defendants to the litigation. This includes the striking of an impending and firm trial date set before a Cook County judge in November 2024 (with fact and expert witnesses already scheduled) as a result of this untimely removal attempt.